IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**LESTER ROBINSON,**

    Plaintiff,

v.                                                                                                  Civil Action No. **3:18CV393**

**SGT. BROWN,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Lester Robinson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. Robinson contends that his rights under the First Amendment were violated when he was prevented from engaging in group prayer at the Hampton Roads Regional Jail ("Jail"). The matter is before the Court on Robinson's failure to serve Defendants Doe and Smith and on the Motion for Summary Judgment filed by Defendant Brown. For the reasons set forth below, all claims against Defendants Doe and Smith will be DISMISSED WITHOUT PREJUDICE and Brown's Motion for Summary Judgment will be GRANTED.

**I. Service Issues**

Pursuant to Federal Rule of Civil Procedure 4(m), Robinson had ninety (90) days from the filing of the complaint to serve the defendants.[1] Here, that period commenced on November 27,

---

[1] Rule 4(m) provides:

    If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m).

2018. More than ninety (90) days have elapsed and Robinson failed to serve Defendants Doe and Smith. Therefore, by Memorandum Order entered on April 4, 2019, the Court directed Robinson to show good cause for his failure to serve Defendants Doe and Smith in the time required by Rule 4(m). Robinson did not respond. Accordingly, all claims against Defendants Doe and Smith will be DISMISSED WITHOUT PREJUDICE.

## II. Standard for a Motion for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "*scintilla* of evidence" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is

any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448).

In support of his Motion for Summary Judgment, Defendant Brown has submitted: his own affidavit ("Brown Aff.," ECF No. 19–1); the affidavit of Sergeant Ebony Herelle, ("Herelle Aff.," ECF No. 19–2); copies of jail grievance records (ECF No. 19–2, at 3–4); and the affidavit of Lieutenant Stephen Phillips ("Phillips Aff.," ECF No. 19–3). Robinson has not responded. Accordingly, the following facts are established for purposes of the Motion for Summary Judgment.

### III. Undisputed Facts

At all times relevant to this action, Robinson was an inmate at the Jail. (ECF No. 1, at 5 (as paginated by CM/ECF).) Defendant Brown was employed as a Sergeant at the Jail. (Brown Aff. ¶ 1.) On May 14, 2018, Defendant Brown denied Robinson's request to be allowed to pray with other Muslim inmates in the gym at the Jail. (*Id.* ¶ 4.) Defendant Brown told Robinson that he and the other inmates could pray in their cells. (*Id.* ¶ 5.) "For security reasons, [Jail] policy does not permit group prayer if there is no outside religious authority available to supervise." (*Id.* ¶ 6.) "This policy seeks to prevent any surreptitious activity or conversation in an unsupervised group that may present a security risk." (Phillips Aff. ¶ 4.) At the time of Robinson's request on May 14, 2018, "no outside Muslim cleric or lay leader [was] present to supervise group prayer." (Brown Aff. ¶ 7.)

The Jail "strives at all time to locate volunteer Imams or Muslim lay leaders who . . . are able to lead and supervise group prayer for Muslim inmates. When a Muslim leader is available, group prayer is permitted, such as at Friday Jumuah services. When a Muslim leader cannot be found, group prayer is not permitted." (Phillips Aff. ¶ 5.) Additionally, Muslim inmates are

entitled to possess a Quran and pray in their cells. (*Id.* ¶¶ 6–7.) Further, Muslim inmates may request special diets and are provided meals at the religiously appropriate times during Ramadan. (*Id.* ¶ 8.)

## IV. Analysis

Generally, in order to survive summary judgment on a claim that a defendant violated his rights under the Free Exercise Clause of the First Amendment, a plaintiff must demonstrate "(1) that he holds a sincere belief that is religious in nature" and (2) that the defendant imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10CV1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). Defendant Brown, however, does not dispute that Robinson has a sincere religious desire to engage in group prayer and that preventing group prayer substantially burdens Robinson's religion. Rather, Defendant Brown contends that his actions pass constitutional muster because they satisfy the four-factor "reasonable relationship" test for analyzing the constitutionality of regulations that burden prisoners' fundamental rights set forth in *Turner v. Safley*, 482 U.S. 78, 89–91 (1987).

*Turner* reconciled the principles that inmates retain certain important constitutional protections with the deference owed to prison administrators "by holding that restrictive prison regulations are permissible if they are reasonably related to legitimate penological interests, and are not an exaggerated response to such objectives." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (internal citation omitted) (internal quotation marks omitted). In assessing whether a regulation is reasonable, courts must consider (1) whether a "valid, rational connection [exists] between the prison regulation and the legitimate governmental interest put forward to justify it," (2) whether "alternative means of exercising the right [exist] that remain open to prison inmates," (3) what

"impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally," and (4) whether there was an "absence of ready alternatives" to the regulation in question. *Turner*, 482 U.S. at 89–90 (citations omitted) (internal quotation marks omitted). In conducting this inquiry, "[t]he burden, moreover, is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (citing *Shaw v. Murphy*, 532 U.S. 223, 232 (2001); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350 (1987); *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)).

"There is a valid rational connection between prohibiting unsupervised inmate group religious activity [and] . . . promoting institutional security." *Lee v. Gurney*, No. 3:08CV99, 2009 WL 3109850, at *4 (E.D. Va. Sept. 25, 2009) (citing *Cooper v. Tard*, 855 F.2d 125, 129–30 (3d Cir. 1988); *Allah v. Al–Hafeez*, 208 F. Supp. 2d 520, 532 (E.D. Pa. 2002)). "[U]nsupervised meetings could be used to plan a riot or for gang related activity." *Id.* Thus, the Jail's policy passes muster under the first *Turner* factor.

"The second *Turner* factor considers whether alternative means of exercising the right exist. As the right to free exercise must be construed 'sensibly and expansively,' *Thornburgh v. Abbott*, 490 U.S. 401, 417 (1989), it must be determined whether [Robinson] retains the ability to participate in other requirements of his religion." *Id.* (citing *O'Lone*, 482 U.S. at 352). Here, the record reflects that Robinson retains the ability to pray and read his Quran in his cell and engage in congregational prayers and religious meetings when an appropriate leader is present. Additionally, the Jail provides Robinson the opportunity to participate in Ramadan. Accordingly, the second *Turner* factor favors the reasonableness of the Jail's policy.[2]

---

[2] Neither party addressed the third and fourth *Turner* factors. However, this omission weighs more heavily against Robinson then Defendant Brown because, as noted above, the

5

In light of the foregoing factors, the Jail's refusal to allow group inmate religious activity, in the absence of an approved non-inmate religious leader, is reasonably related to legitimate penological interests. *See id.* at 4–5; *see also Benjamin v. Wallace*, No. 1:08CV1089 (JCC/JFA), 2008 WL 8886522, at *2 (E.D. Va. Dec. 16, 2008), *aff'd*, 352 F. App'x 829 (4th Cir. 2009). Accordingly, Defendant Brown's Motion for Summary Judgment (ECF No. 18) will be GRANTED.

## V. Conclusion

All claims against Defendants Doe and Smith will be DISMISSED WITHOUT PREJUDICE. Defendant Brown's Motion for Summary Judgment (ECF No. 18) will be GRANTED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9 May 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

"burden . . . is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton*, 539 U.S. at 132 (citation omitted).